**UNITED STATES of America,**

v.

**Diteko HAMMARY aka "Muhammad" Diteko Hammary, Appellant.**

No. 00–2944.

United States Court of Appeals, Third Circuit.

Submitted July 11, 2002.

Decided July 26, 2002.

Before SCIRICA and GREENBERG, Circuit Judges, and FULLAM, District Judge.*

OPINION OF THE COURT

SCIRICA, Circuit Judge.

On May 25, 1999, Diteko Hammary pled guilty to one count of distribution and possession with intent to distribute more than five grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (2).[1] Hammary was sentenced to 100 months' imprisonment, five years' supervised release, a $3,000 fine and a special assessment of $100.[2] After sentencing, Hammary assisted the government in other prosecutions. In response, the government filed a motion for downward departure based on substantial assistance under Fed.R.Crim.P. 35(b).[3] The trial court granted the motion and resentenced Hammary to 75 months' imprisonment. We will dismiss the appeal.

**I.**

The government contends we have no jurisdiction because Hammary failed to appeal in a timely manner. We agree. Fed. R.App. P. 4(b)(1)(A) provides:

In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of:

(i) the entry of either the judgment or the order being appealed; or

(ii) the filing of the government's notice of appeal.

The District Court's order granting the government's Rule 35(b) motion was entered on September 14, 2000, and Ham-

---

* The Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. Hammary's guilty plea was based on a plea agreement. The government disclaimed future prosecution and recommended hammary receive the maximum possible reduction for "accetance of responsibilty."

2. Hammary had an offense level of 29 and a criminal history category of II, which placed him in a sentencing range of 97–121 months' imprisonment.

3. Fed. R. Crim. P. 35(b) states:

Reduction of Sentence for Substantial Assistance. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

mary's notice of appeal was filed on September 29, 2000, four days after the ten-day limit had expired.[4]

Even though Hammary did not file a motion for extension of time for filing the notice of appeal, we have the authority to remand a case to the district court for a determination of "excusable neglect" when a defendant files an untimely notice of appeal. *See* Fed. R.App. 4(b)(1)(A); *United States v. Richmond,* 120 F.3d 434, 436 (3d Cir.1997). But we will not do so because Hammary's appeal lacks merit and a remand would be futile.

In this case, defense counsel filed an *Anders* brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* brief recites that Hammary's guilty plea was valid, the statute under which he was convicted is constitutional, and the District Court exercised proper discretion when it re-sentenced Hammary. In response, Hammary filed a *pro se* brief alleging ineffective assistance of counsel.

We have examined the record and agree that there is no colorable issue which supports an appeal in this case. Hammary's guilty plea was valid because he made it voluntarily and knowingly. The statute under which Hammary was convicted, 21 U.S.C. § 841(a), is constitutional.[5] The District Court acted within its discretion when it initially sentenced Hammary within the guideline range, and then later reduced that sentence by 25 percent for substantial assistance.

Hammary also claims ineffectiveness of counsel. But claims of ineffectiveness of counsel will ordinarily not be heard on a direct appeal from a criminal conviction. *United States v. Tobin,* 155 F.3d 636, 643 (3d Cir.1998).[6]

## II.

For the foregoing reasons we will dismiss the appeal. Defense counsel's motion to withdraw as counsel for defendant will be granted.

---

4. While the notice of appeal is dated September 23, 2000, it was not filed until September 29, 2000. Fed. R. App. P. 25(a)(2) states: "filing is not timely unless the clerk receives the papers within the time fixed for filing." Therefore, the date of filing determines jurisdiction.

5. We have stated that 21 U.S.C. § 841(a) is constitutional on its face. *United States v. Kelly,* 272 F.3d 622, 623 (3d Cir.2001).

6. The proper mechanism for raising an ineffectiveness counsel claim is through a motion under 28 U.S.C. § 2255.